IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAHER EL BADRI,

    Plaintiff,

v.

FIRST NATIONAL COLLECTION
BUREAU, INC.; and
VELOCITY INVESTMENTS, LLC,

    Defendants.

## COMPLAINT FOR DAMAGES

Defendant First National Collection Bureau, Inc., a debt collector, on behalf of Defendant Velocity Investments, LLC, another debt collector, demanded Plaintiff Maher El Badri pay on a judgment that had been set aside years before. Also, Defendants, in violation of New Mexico consumer protection regulations, failed to determine whether the debt it was trying to collect was time-barred, or, alternately, if it had determined that the debt was time-barred, it failed to disclose to Mr. El Badri that the debt was time-barred.

### Jurisdiction

1. This Court has jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), *see* 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

### Parties

2. Plaintiff Maher El Badri resides in Santa Fe, New Mexico.

1

3. Defendant First National Collection Bureau, Inc. ("FNCB"), based in Reno, Nevada, is a debt collection company whose principal business is the collection of consumer debts. On its website, it states it has been "[h]elping consumers resolve debts for over 35 years," and "[t]his communication is from a debt collector." It regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. FNCB is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

4. Defendant Velocity Investments, LLC ("Velocity Investments"), based in Wall, New Jersey, is a debt collection company whose principal business is the collection of consumer debts. On its website, it states that it is "focused on working with consumers to find satisfactory resolutions to outstanding debts" and that it provides "consumer focused collection solutions . . . across our network of account resolution specialists located in all fifty states." It regularly collects or attempts to collect debts originally owed or due or asserted to be owed or due another. Velocity Investments is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Facts**

5. More than ten years ago, Mr. El Badri had a credit card with Citibank.

6. Mr. El Badri used this credit card for personal, family and household purchases.

7. In 2010, Mr. El Badri made his last payment towards this credit card.

8. The applicable statute of limitations for this credit card debt – that is, the statute of limitations for written contract – is six years, thus any lawsuit filed in 2023 would clearly be time-barred. *See* NMSA § 37-1-3(A).

9. On May 11, 2015, Velocity Investments filed a state court collection lawsuit against Mr. El Badri concerning a Citibank credit card with an account number ending in "1730."

*See Velocity Investments, LLC v. El Badri*, No. D-101-CV-2015-01183 (Santa Fe County District Court).

10. In the Complaint for the state court collection lawsuit, Velocity Investments stated $17,227.34 was owed on the credit card account.

11. On February 25, 2016, the Court entered a Default Judgment against Mr. El Badri in the amount of $17,492.04, made up of the $17,227.34 account balance plus $214.70 in court costs.

12. On April 11, 2019, via a formal Order entered on the docket that is available via the Court's website, the Court set aside the Default Judgment.

13. On July 23, 2019, via a formal Order entered on the docket that is available via the Court's website, the Court dismissed the state court collection lawsuit with prejudice.

14. In a letter dated February 15, 2023, from FNCB to Mr. El Badri ("February 15 Letter"), which Mr. El Badri received, FNCB stated that it was collecting on "the judgment against you." It identified that the judgment it was attempting to collect had a "Judgement Date" of "02/25/2016." It identified the "Original Creditor" as "Citibank South Dakota N.A.," the "Account Number" as ending in "1730," the "Current Creditor" as "Velocity Investments, LLC" and the "Current Balance" as "$28,132.06."

15. This claimed balance is falsely inflated and/or includes fees or charges for which Defendants have no legal basis to assess, either in law or contract.

16. Moreover, claiming that a valid judgment exists against Mr. El Badri is false.

17. Defendants also failed to determine whether the debt it tried to collect from Mr. El Badri via the February 15 Letter was time-barred before they sent him the February 15 Letter. *See* NMAC 12.2.12.8.

3

18. Alternately, if Defendants determined, before they sent Mr. El Badri the February 15 Letter, that the debt it tried to collect from Mr. El Badri via the February 15 Letter was time-barred, Defendants filed to inform him of this fact, and failed to provide the other required disclosures for time-barred debt.  *See* NMAC 12.2.12.9.

19. As the plaintiff in the state court collection lawsuit where the Default Judgment had been set aside, and where the lawsuit had then been dismissed with prejudice, Velocity Investments knew it had no right to collect based on the Default Judgment and it knew that the statute of limitations had run for the underlying debt.

20. As the debt collector sending a dunning letter based on the Default Judgment which had been set aside, and where the lawsuit had then been dismissed with prejudice – information that was readily available per the Court's website – FNCB knew or should have known it had no right to collect based on the Default Judgment and it knew or should have known that the statute of limitations had run for the underlying debt.

21. Mr. El Badri, who had acted pro se, but with the assistance of New Mexico Legal Aid, in getting the Default Judgment set aside for false service was shocked and greatly upset that Defendants were trying to collect on a judgment that had been set aside.

22. Mr. El Badri had the right to be left alone regarding the judgment after it had been set aside, but Defendants invaded his right to be left alone.

23. Defendants each operate like a highly automated factory, without adequate systems, training, or supervision to avoid attempting to collect on judgments that had been set aside, and without adequate systems, training, or supervision for determining whether a debt is time-barred and for providing the disclosures required in New Mexico for time-barred debts.

24. As a result of Defendants' conduct, Mr. El Badri has suffered actual damages, including:

    a. Invasion of privacy; and

    b. Aggravation, frustration, mental upset and emotional distress.

### First Claim for Relief: Violations of the FDCPA

25. Defendants' actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1).

26. Mr. El Badri is entitled to recover statutory damages, actual damages and attorney fees and costs.

### Second Claim for Relief: Violations of the Unfair Practices Act

27. Defendants' actions, inactions, misrepresentations and omissions constitute unfair trade practices within the meaning of the New Mexico Unfair Practices Act, NMSA §§ 57-12-1 *et seq.* ("UPA"), including NMSA § 57-12-2(D) generally and NMSA §§ 57-12-2(D)(14) and (15) specifically.

28. Defendants' actions, inactions, misrepresentations and omissions constitute unfair trade practices within the meaning of regulations promulgated under the UPA, including NMAC 12.2.12.8 and NMAC 12.2.12.9 specifically.

29. Defendants willfully engaged in these unlawful trade practices.

30. Mr. El Badri is entitled to recover actual or statutory damages, trebled, plus attorney fees and costs.

### Third Claim for Relief: Tortious Debt Collection

31. Velocity Investments' actions and inactions constitute tortious debt collection, an independent tort established in *Montgomery Ward v. Larragoite*, 1970-NMSC-57, and further explained and confirmed in *Christensen v. Financial Credit Service, Inc.*, No. 15-

CV-134, 2016 U.S. Dist. LEXIS 191974 at *16 (D.N.M. Aug. 10, 2016); *Yazzie v. Law Offices of Farrell & Seldin*, No. 10-CV-292 (D.N.M.), Docket No. 121 filed 5/26/11; *Billsie v. Brooksbank*, 525 F.Supp.2d 1290, 1297 (D.N.M. 2007); and *Kolker v. Sanchez*, No. 90-CV-1082, 1991 U.S. Dist. LEXIS 20783 at *1 (D.N.M. Dec. 10, 1991).

32. Mr. El Badri is entitled to recover actual and punitive damages.

## Request for Relief

Mr. El Badri requests that this Court award:

A. Statutory and actual damages, for violations of the FDCPA;

B. Actual or statutory damages, trebled, for violations of the UPA;

C. Actual and punitive damages, for tortious debt collection;

D. Attorney fees and costs; and

E. Such other relief as the Court deems just and proper.

Respectfully submitted,

TREINEN LAW OFFICE PC

ROB TREINEN
500 Tijeras Ave NW
Albuquerque, New Mexico 87102
(505) 247-1980
(505) 843-7129 (fax)
robtreinen@treinenlawoffice.com